**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VACHIRAPORN VIVORAKIT,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 14-70972<br><br>Agency No. A073-433-678<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges and ROTHSTEIN,** Senior
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

Petitioner, a native citizen of Thailand, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying Petitioner's application for deferral of removal under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recite them here.

We find that the BIA's use of the "more likely than not" and "clear probability" standards was not in error. In the context of a withholding of removal hearing, "clear probability" and "more likely than not" are equivalent. *INS v. Stevic*, 467 U.S. 407, 424 n.19 (1984) (noting that "clear probability" is interchangeable with "likely" and does not indicate that the BIA was using a "clear and convincing" standard); *see also, Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (holding that "clear probability" means "it is 'more likely than not'") (citing *INS v. Cardoza–Fonseca*, 480 U.S. 421, 429 (1987)).

We also conclude that the BIA's determination that Petitioner did not establish that it was more likely than not that she would be tortured if removed to Thailand was supported by substantial evidence. Where an application for deferral of removal under the CAT rests on a "hypothetical chain of events," the applicant must demonstrate that each link in the chain is more likely than not to occur. *In re J.F.F.*, 23 I. & N. Dec. 912, 917–18, 918 n.4 (A.G. 2006) (citing *In re Y.L.*, 23 I. & N. Dec. 270, 282 & n.16

(A.G. 2002)). Petitioner did not establish that it was more likely than not that she would be prosecuted by the Thai government or that, if prosecuted, she would be subject to incarceration, especially having already served time in a United States facility.

Even if Petitioner had been able to show that it was more likely than not that she would be incarcerated in Thailand, Petitioner did not establish that it was more likely than not that this incarceration would constitute torture under the CAT. In order to constitute torture, "an act must be specifically intended to inflict severe physical or mental pain or suffering. An act that results in unanticipated or unintended severity of pain and suffering is not torture." 8 C.F.R. § 1208.18(a)(5). Substantial evidence supported the BIA's finding that the Thai government does not intend to torture inmates, but rather, that poor prison conditions are a result of "budgetary and management problems."

Finally, the BIA was correct in denying Petitioner's due process claims. Petitioner claims that removal violates her right to due process because it terminates her parental rights. We have previously held that there is "no authority to suggest the Constitution provides . . . a fundamental right to reside in the United States simply because other members of [a person's] family are citizens or lawful permanent residents." *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th

3

Cir. 2010) (quoting *De Mercado v. Mukasey*, 566 F.3d 810, 816 n.5 (9th Cir. 2009)).

In addition, we find no basis for the assertion that removal would actually terminate Petitioner's parental rights. Finally, while Petitioner asserts her interest in protecting her parental rights, she presents no evidence indicating that she has attempted to protect her parental rights by utilizing the procedures available to her through the Department of Homeland Security.[1]

**PETITION DENIED.**

---

[1] In 2013, U.S. Immigration and Customs Enforcement ("ICE") issued a directive entitled "Facilitating Parental Interests in the Course of Civil Immigration Enforcement Activities," 90 No. 33 Interpreter Releases 1775 (Sep. 2, 2013), that allows detained parents to appear in-person in family court proceedings related to custody. The Directive requires ICE to accommodate a detained parent's efforts to make provisions for their minor children and allows ICE the discretion to permit a removed parent to return to the United States for the sole purpose of attending a family court hearing related to the termination of parental rights.